UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEX WOUTS,

        Petitioner,

v.

                                      Case No. 23-cv-1558-pp

LISA ANDERSON,[1]

        Respondent.

**ORDER SCREENING HABEAS PETITION (DKT. NO.1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

On November 20, 2023, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 conviction for second degree sexual assault by correctional staff. Dkt. No. 1. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody. The petition reflects that the petitioner is in custody under a judgment and sentence imposed in Dodge County Circuit Court Case No. 2016CF000142. Dkt. No. 1 at 2. According to the Wisconsin Department of Corrections Locator web site, the petitioner has been placed out of state since February 2019. The return address on the envelope in which the petitioner mailed his petition is "Twin Rivers Unit, PO Box 888, Monroe, WA 98272." Dkt. No. 1-3. This is the address for the Monroe Correctional Complex in Monroe, Washington. Lisa Anderson is the superintendent of that institution. The court has updated the caption accordingly.

1

the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to State of Wisconsin vs. Alex Andre Wouts, Dodge County Circuit Court Case No. 2016CF000142 (available at https://wcca.wicourts.gov/). After a three-day trial, a jury found the petitioner guilty of five counts of second-degree sexual assault by correctional staff. Id. The court sentenced the petitioner to seven years of incarceration and five years of extended supervision for each count (to be served consecutively), for a total of sixty years of confinement. Id. The court entered a judgment of conviction on September 4, 2018. Id.

On June 10, 2019, the petitioner filed a motion for postconviction relief asserting ineffective assistance of counsel and newly discovered exculpatory evidence. Id.; Dkt. No. 1 at 3. The state court held a Machner evidentiary hearing on January 14, 2021. Wouts, Case No. 2016CF000142; Dkt. No. 1 at 3. The court denied the petitioner's motion on January 19, 2021. Wouts, Case No. 2016CF000142. The Wisconsin Court of Appeals affirmed that decision on July 14, 2022. Id. On November 18, 2022, the Wisconsin Supreme Court denied the petitioner's petition for review. Id. The petitioner did not file a petition for *certiorari* with the United States Supreme Court. Dkt. No. 1 at 4. The petitioner then filed this *habeas* petition on November 20, 2023.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a habeas petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before

3

the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition asserts nine grounds for relief. First, the petitioner asserts that his trial counsel was ineffective by failing to "investigate witnesses that worked with [petitioner] and had unique knowledge of Fox Lake Correctional Institution and its rules, practices, and procedures." Dkt. No. 1 at 6. The petitioner argues that the testimony of these witnesses would have been exculpatory. Id. at 7. The petitioner says that five prison guards appeared and testified at his post-conviction Machner hearing and stated that they never had been contacted by the petitioner's counsel. Id.

Second, the petitioner claims that trial counsel was ineffective for failing to adequately prepare for trial through pre-trial discovery. Id. He asserts that if counsel had obtained photographs and video evidence from the location where the assaults occurred, that evidence would have rebutted the victims'

4

testimony by showing how unlikely it would be for an assault to occur undetected. Id. at 7–8.

Third, the petitioner asserts that counsel was ineffective by waiving the petitioner's preliminary examination by paper without informing the petitioner of the effect of that decision. Id. at 8. He asserts that a preliminary examination would have allowed "a more complete cross examination exposing the accusers" at trial. Id.

Fourth, the petitioner asserts that counsel "failed to challenge the charging period as set forth in Count 5." Id. at 9. According to the petitioner, Count 5 alleged that the petitioner sexually assaulted an incarcerated person in "the month of November 2015," a period which the petitioner argues is impermissibly broad in violation of the Sixth Amendment and the Wisconsin Constitution. Id.

Fifth, the petitioner argues that trial counsel was unprepared, "distracted" and "confuse[d]" throughout the trial. Id. at 10. The petitioner recounts several statements by trial counsel that he avers were incorrect and argues that counsel's lack of preparation constituted ineffective assistance of counsel. Id. at 10–11.

Sixth, the petitioner argues that counsel was ineffective in failing to challenge the admissibility of certain evidence. Id. at 12.

Seventh, the petitioner asserts that his counsel lied to the court to cover up his repeated mistakes during trial. Id. at 13. The petitioner claims that his counsel stated in closing arguments that he had dyslexia, which would explain

the repeated errors. Id. But during the post-conviction Machner hearing, counsel admitted that he doesn't "literally have dyslexia." Id.

Eighth, the petitioner challenges the credibility of certain witnesses. Id. at 14. The petitioner asserts that Jessie Aquilla said in an interview with law enforcement that there was a calendar on the wall of a room in the basement where the assault occurred. Id. The petitioner alleges that law enforcement found no calendar where Aquilla said there would be, casting doubt on Aquilla's credibility. Id.

Ninth, the petitioner alleges that evidence was withheld. Id. at 15. He argues that the correctional institution should have turned over video footage showing that there are no blind spots on the security cameras where the petitioner could have committed the assaults. Id. The petitioner asserts that this information would have demonstrated to the jury that it was unlikely that he could have committed the assaults without being detected. Id. at 15–16.

Ineffective assistance of counsel—which the petitioner asserts in Grounds One through seven—is a cognizable claim on federal *habeas* review. See, *e.g.*, Kimbrough v. Neal, 941 F.3d 879 (7th Cir. 2019). It is more difficult to determine whether the eighth and ninth grounds state claims that are cognizable on *habeas* review. As to Ground Eight, if the petitioner is challenging the failure of law enforcement to further investigate Aquilla's statements, that is not an allegation of a violation of the Constitution or federal law cognizable on *habeas* review. But the petitioner may have intended to argue that his trial attorney was ineffective for failing to raise the issue of

6

Aquilla's credibility to the jury. For the purposes of screening, the court will assume that Ground Eight also alleges ineffective assistance of counsel.

As for Ground Nine, the petitioner says that Fox Lake Correctional Institution refused to turn over video footage that he believes would have called into question whether the alleged assaults occurred. The petitioner may be asserting that the state committed prosecutorial misconduct by failing to produce exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). This claim is cognizable on *habeas* review. See Banks v. Dretke, 540 U.S. 668, 690 (2004) (Brady claim actionable for federal *habeas* relief).

The petition may be timely. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). The court entered a judgment of conviction on September 4, 2018. But the one-year limitation period is tolled for "properly filed" state post-conviction motions, 28 U.S.C. §2244(d)(2), so the limitation period may have stopped running during the pendency of the petitioner's post-conviction motion. The Wisconsin Supreme Court denied review of the denial of the post-conviction motion on November 18, 2022. The petitioner did not file a writ of *certiorari* with the United States Supreme Court, so his one-year limitation period began to run ninety days later, on February 16, 2023. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Supreme Court Rule 13(1) (requiring that a person must file a petition for *certiorari* within ninety days after entry of judgment). The petitioner filed this *habeas* petition 277 days later, on November 20, 2023. Because the limitation period is an affirmative

defense and the state has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

Without the benefit of examining the entire record of the petitioner's post-conviction motion in the Wisconsin state courts, it is premature for the court to consider whether the petitioner has properly exhausted all his grounds for federal *habeas* relief. Failure to exhaust, like the limitation period, is an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and will order the respondent to answer or otherwise respond.

### III. Conclusion

The court **DIRECTS** the clerk to update the docket to reflect that Lisa Anderson is the correct respondent.

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal

Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**